FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 9 2016

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID LIBRACE                                      PLAINTIFF

V.                      No. 4:16-CV-57-BSM/JTR

HONORABLE MARK MARTIN
In his Official Capacity as
Secretary of State for the State of Arkansas,
Et al.                                             DEFENDANTS

### DEFENDANT HONORABLE MARK MARTIN'S OBJECTION TO PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**Comes Now**, Defendant, Honorable Mark Martin, ("Defendant Secretary"), in his official capacity as Arkansas Secretary of State, for his Objection to Plaintiff's Application to Proceed *In Forma Pauperis*, and states:

Plaintiff is not an attorney, but is *pro se*. He files this matter as a class action lawsuit. He apparently purports to represent the constituents and voters of the United States of America in challenging the eligibility of two candidates for President of the United States of America, i.e., a challenge to either of them being a "natural born citizen."

This suit exceeds the scope of relief available to a pauper. Generally, the plaintiff must initially bear the cost of notice to the class. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). A pauper – by his own admission - will not have the financial ability to pursue a class

action under Rule 23 of the Federal Rules of Civil Procedure, and so could not adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). As a result, Plaintiff's request for leave to proceed as a pauper should be denied.

One need not be completely destitute in order to proceed *in forma pauperis*. However, it is under the Court's discretion to order partial payment of the fees where it is economically feasible. *Dotson v. Blood Ctr.*, 988 F.Supp. 1216, 1219 (E.D. Wisc. 1998) (where Plaintiff only received $560.00 a month in social security disability payments, and the court still imposed a $75.00 fee per filing). This is Plaintiff's situation where he admits to making $734.00 in monthly income from SSDI.

This is the fourth lawsuit that Plaintiff has filed against Defendant Secretary, each time seeking pauper status as a *pro se* litigant. In much the same way Plaintiff has used *pro se* and pauper status to harass Defendant, the Plaintiff in *Boruski v. Stewart*, 381 F.Supp. 529 (S.D. N.Y. 1974), sued Defendants under *in forma pauperis* status over claims barred by *res judicata*, against defendants claiming immunity from suit. The Court ultimately dismissed the claims under Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e) (then codified as 28 U.S.C. § 1915(d)), the doctrine of *res judicata*, among other reasons. Moreover, the Court granted an injunction against Plaintiff, perpetually enjoining and restraining the plaintiff from instituting any further action against those defendants. *Boruski*, 381 F.Supp. at 535. The Court granted the injunction on the basis that "plaintiff [clearly] either fails to comprehend the meaning of the doctrine of *res judicata* or else stubbornly refuses to abide thereby. His remedy, if any, is by

timely appeals to higher courts, not repetition of the same claim in another guise in the same courts." *Boruski*, 381 F.Supp. at 535.

It is too early to say that this suit is merely harassment. However, in two prior lawsuits, Plaintiff himself moved to dismiss the election-law complaints in the face of discovery requests to identify his former name, his status as a convicted felon in another state (under a different name), and his inability to hold office in the State of Arkansas. *Librace v. Secretary*, 4:14-cv-268-JM, and *Librace v. Secretary*, 4:14-cv-270-JM. In both cases, the District Judge indicated that he reserved the right to impose monetary sanctions if the case were re-filed. Neither case was timely re-filed. In another case, the Court refused to grant Librace status as a pauper; on a motion for recusal and reconsideration, a separate District Judge also refused to grant him pauper status. *Librace v. Philips County Election Commission, Secretary of State, et al.*, 2:14-cv-132-DPM. The latter case was dismissed for failure to pay the filing fee on February 9, 2015.

Defendant Secretary further denies the allegations raised in the Complaint, and states that the lawsuit should be dismissed for lack of subject-matter jurisdiction, for lack of personal jurisdiction, for improper venue, for insufficiency of process, for insufficiency of service of process, for failure to state a claim upon which relief can be granted, for failure to join necessary parties under Rule 19, and any other matter constituting an avoidance or affirmative defense, including laches, estoppel, waiver, and statute of limitations.

Plaintiff, a frequent litigator, has sufficient income to deny him status as a pauper and to require him to pay the filing fee. The motion should be denied.

**Wherefore**, and for the foregoing reasons, Defendant Secretary of State Mark Martin, in official capacity, prays that this Court grant Defendant the relief he seeks herein; that the Court deny Plaintiff any of the relief he seeks; that the Court deny Plaintiff's Motion for Leave to Proceed as a Pauper; and that the Court grant Defendant such additional relief to which he may be entitled under the circumstances.

Dated this 9th day of February, 2016.

Respectfully submitted,

HONORABLE MARK MARTIN
SECRETARY OF STATE
In his Official Capacity,
Defendant

By: _____
A.J. Kelly, ABA 92078
General Counsel and
Deputy Secretary of State
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213

*Attorney for Defendant
Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on the date set forth below, I have served a copy of the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF) and by regular mail: to the pro se Plaintiff:

David Librace
203 South 7th Street
West Helena  AR  72342

Dated this 9th day of February, 2016.

_____
AJ Kelly