**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DAVID LIBRACE**                                                                                         **PLAINTIFF**

v.                                       **CASE NO. 4:16CV00057 BSM**

**MARK MARTIN, et al.**                                                                    **DEFENDANTS**

**ORDER**

David Librace's motion for declaratory judgment [Doc. No. 18] is denied and the motions to dismiss of Senator Marco Rubio [Doc. No. 13] and Senator Ted Cruz [Doc. No. 15] are granted.

Mr. Librace alleges that Senators Rubio and Cruz do not meet the "natural born citizen" requirement of Article II, Section 1 of United States Constitution and therefore do not qualify to the hold the position of President of the United States.  Article II, Section 1 provides that "[n]o Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President." Consequently, he seeks to have their names removed from the ballot during Arkansas's primary election on Tuesday, March 1, 2016.

A hearing was conducted today to permit Mr. Librace to present his case and to hear the responses of Arkansas Secretary of State Mark Martin, Senators Rubio and Cruz, and the Republican Party of Arkansas. At the hearing, and/or in his filings, Mr. Librace argued that Senator Rubio is ineligible to serve as President because his parents were not U.S. citizens. This is the case despite the fact that Senator Rubio was born in Florida.  Mr. Librace also

argued that Senator Cruz is ineligible to serve as President because he was born in Canada. This is the case despite the fact that Senator Cruz was born to a mother who was a citizen of the United States. In addition to attacking the merits of Mr. Librace's arguments, defendants state it is well-settled that Mr. Librace lacks standing to bring this lawsuit

The merits of Mr. Librace's claims are not reached because it is clear, based on the settled precedent, that he lacks standing to bring this case. Federal courts are courts of limited jurisdiction. Consequently, any party filing a lawsuit in federal court must satisfy the case or controversy requirement of Article III of the United States Constitution. *See* U.S. Const. Art. III, § 2. Importantly, every plaintiff in a federal lawsuit must show that he or she has standing to bring the case in question. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To meet this requirement, the plaintiff must show (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61. Mr. Librace may not pursue his claims because he cannot show that he has in fact been injured, as required by the first element of *Lujan*.

Mr. Librace claims he is injured because his "right to vote will be diluted, debased, and desecrated by the presence of Mr. Rubio and Mr. Cruz on the Arkansas ballot." Compl. 3. Mr. Librace also alleges that the "Constitutional eligibility of Senator Marco Rubio and Senator Ted Cruz must be adjudicated as soon as possible to prevent Constitutional travesty. A possible disenfranchisement of the voters of Arkansas looms if one of these candidates were to win and be challenged by another candidate or an elector eligible to vote in an open primary." Compl. 3.

The injuries Mr. Librace alleges do not satisfy the "injury in fact" requirement because he must show that the injury is "concrete and particularized." *Lujan*, 504 U.S. at 560. The injuries set forth by Mr. Librace are not concrete and particularized because he shares these injuries with every other voter in Arkansas. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangible benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573-74.

Moreover, this is not the first time a plaintiff has challenged a candidate's eligibility to be President, and courts have consistently held that voters do not have standing to sue based on the "birther" argument. *See, e.g.*, *Berg v. Obama*, 574 F. Supp. 2d 509, 518 (E.D. Pa. 2008) ("The alleged harm to voters stemming from a presidential candidate's failure to satisfy the eligibility requirements of the Natural Born Citizen Clause is not concrete or particularized enough to constitute an injury in fact sufficient to satisfy Article III standing."), *aff'd*, 586 F.3d 234 (3d Cir. 2009); *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) ("Turning to the viability of the case at large, plaintiff has no standing to challenge Senator McCain's qualifications."); *cf. Gottlieb v. Fed. Election Comm'n*, 143 F.3d 618, 621 (D.C. Cir. 1998) ("As to the four voters, the supposed injury to their 'ability to influence the political process' rests on gross speculation and is far too fanciful to merit treatment as an 'injury in fact.'").

Three cases, among many others, specifically address this question and are instructive.

In *Berg v. Obama*, the plaintiff argued that then Senator Barack Obama was ineligible to serve as President of the United States and sought to prevent his candidacy. 586 F.3d 234 (3d Cir. 2009). The Third Circuit Court of Appeals explained that the plaintiff did not have standing to challenge Mr. Obama's candidacy: "Even if we assume that the placement of an ineligible candidate on the presidential ballot harmed Berg, that injury, including any frustration Berg felt because others refused to act on his view of the law, was too general for the purposes of Article III." *Id.* at 240. The court also noted that "Berg's worry that Obama, if elected, might someday be removed from office was not an injury cognizable in a federal court because it was based on speculation and was contingent on future events." *Id.* at 239.

In *Hollander v. McCain*, the district court held that the plaintiff did not have standing to challenge Senator John McCain's eligibility for the presidency: "Hollander does not have standing based on the harm he would suffer should McCain be elected President despite his alleged lack of eligibility under Art. II, § 1, cl. 4. That harm, 'standing alone, would adversely affect only the generalized interest of all citizens in constitutional governance.'" 566 F Supp. 2d 63, 68 (D.N.H. 2008) (citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)). "Whatever the contours of that constitutional provision, Article III has been definitively read by the courts to confer no jurisdiction over this kind of action." *Id.* at 71.

Finally, in *Sibley v. Obama*, the court summed up the issue of standing to challenge a presidential candidate's eligibility very succinctly as follows: "Plaintiff lacks standing to challenge President Obama's current tenure in office, just as others who have made similar

claims contesting President Obama's eligibility for the presidency were found to lack standing. The injury plaintiff asserts is *not* particular to him." 866 F. Supp. 2d 17, 20 (D.D.C 2012), *aff'd* 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012).

Although the questions raised by Mr. Librace are interesting, they are questions that he simply does not have standing to bring. The holding of *Hollander* is equally applicable here: "This is not to demean the sincerity of [Mr. Librace's] challenge to [the Senators'] eligibility for the presidency; . . . that challenge has yet to be definitively settled . . . . What is settled, however, is that an individual voter like [Mr. Librace] lacks standing to raise that challenge in the federal courts." 566 F. Supp. 2d at 71.

Accordingly, the defendants' motions to dismiss are granted, and Mr. Librace's complaint [Doc. No. 2] is dismissed.

IT IS SO ORDERED this 29th day of February 2016.

_____
UNITED STATES DISTRICT JUDGE